No. 182370, Turner, against the Secretary of Veterans Affairs, Ms. Flugfelder. May it please the Court. The Secretary claims the present issue on appeal involves a factual question, removing Federal Circuit jurisdiction over this appeal. However, the question on and 38 CFR 3.102. The question for the Court is, do these provisions operate to place the burden of persuasion on the Secretary to disprove veteran status? This Court has jurisdiction over issues involving interpretation of statutes and regulations. The Board and the Veterans Court erred by allocating the burden of persuasion to appellant to prove his veteran status. This legal conclusion misreads the text of 38 U.S.C. 5107B and 38 CFR 3.102. One of the things I think that the government says is that this is not a legal proposition that you urged on the Veterans Court. Is that right, wrong? And indeed, maybe, I think I'm under consideration, you seem to have said the opposite, that while you have the burden of persuasion, et cetera. No, Your Honor. Our stance is that the burden of proof is on the veterans and then the burden of persuasion is on the appellant. The Board and the Veterans Court allocated the burden of persuasion to appellant to prove his veteran status. Section 5107B and 3.102 say the reasonable doubt rule applies to all issues material to the determination of the claim. In agreement with the analysis of federal circuit cases Ortiz and D'Amico, the Secretary argues that appellant has confused the two different burdens of proof, the burden of production under 5107A and the burden of persuasion. The Secretary's correct that the claimants bear the initial burden of production to come forward with some evidence to support the claim. If the burden is met, a low threshold, then the claim must be fully developed and adjudicated on the merits. At that stage, the burden of persuasion... I guess what I'm just trying to understand in this particular case, everybody agrees that there's a burden of production, of coming forward with some evidence that kind of puts the issue of veteran status in play. And then the question is, okay, once you've reached that level, at what point, what happens when you near the 50% probability mark? You say that when you near the 50% probability mark within some little range around it, you get the benefit of that doubt, and I'm not sure actually what the government's position is on that, but you never said that to the Veterans Court, I think. Just tell me from... We have a situation in which the evidence is in equipoise, and therefore 450107 kicks in. Okay, Your Honor, the Court of Appeals for Veterans Claims mentioned that, and under 38 U.S.C. 7292 extends the Federal Circuit's jurisdiction over all issues decided by the Veterans Court, even as raised to its county. The Secretary argues the appellant confused the two burdens, but the Secretary argues the appellant loses because he failed to satisfy the initial burden of production, therefore the burden of persuasion is not implicated. Our response is that the Court's decision expressly found the appellant failed to satisfy his burden of persuasion under 5107B. Nothing was mentioned about the burden of production under 5107A, thus the Secretary cannot raise a new issue on judicial review to defend the Court's decision. No matter the setting, one party must bear the burden of persuasion. This burden falls upon the baseline Federal principle. In civil litigation, the plaintiff bears... Well, where is the evidence in equipoise here? Where is it evenly balanced? There's little question that he was just charged for willful and persistent misconduct, and therefore he did not have the status of a veteran. What is the uncertainty about that such that the military found that willful and persistent misconduct, the VA doesn't have to agree with that, thus the appeal... And we have no review of that. Right, but the Board failed to apply 5107B and place the burden of persuasion on the Secretary. On page 96 of the appendix, the discharge board actually found the nature of the charges indicates or suggests presidential intent against the appellant, and the Board failed to address that, which would have brought the evidence into equipoise. They're trying to say that there were real factual issues here when this individual was almost court-martialed. Yes, Your Honor. There were factual issues that the Court and the Board should have then applied the burden of persuasion onto the Secretary that should have brought 5107B up. The existence of this reasonable doubt rule places the burden of persuasion on the Secretary. If there's a finding, the preponderance of the evidence is against the claim, the Secretary met this burden of persuasion. If not, the evidence is evenly balanced, and the Secretary loses because he hasn't met his burden of persuasion. Any modification of this formulation of the burden of persuasion is error. In our opinion, the government confuses the analysis by arguing the Board here did not make a finding that the evidence was evenly balanced, thus the reasonable doubt rule does not apply. The argument is missing the point that no matter how the judge weighs the evidence, either for or against the claim, the burden of persuasion still rests with the Secretary. The allocation of the burden of persuasion does not change based on the state of evidence. As with all issues or elements of the claim, including the issue of veteran status, the government bears the burden of persuasion because it loses if the evidence is evenly balanced. Or stated differently, if the evidence does not preponderate against the claim, if the Board here had determined the preponderance of the evidence was against the veteran status, we would not be appealing the case. But that's not what happened. The Board and the Veterans Court ruled the appellant Board the burden of persuasion to prove the veteran status by a preponderance of the evidence. That was clear error. To be sure, the Board did not make a finding that the evidence was evenly balanced. This finding is kind of irrelevant given the Board's burden of persuasion. The Board and the Court ruled that the appellant bore the burden of persuasion by a preponderance of the evidence. Therefore, a finding of approximate balance would not have served any purpose. An appellant would still have lost. Under the Board and the Court's allocation of the burden of persuasion, the appellant needed to establish entitlement to veteran status by a preponderance of the evidence. If I can be helpful for future use, persuasion is more effective when an argument is stated rather than just read. Thank you, Your Honor. Assuming the Veterans Court erred by placing the burden of persuasion on an appellant, the Secretary argues such error was harmless. Can you help me just understand? I found the government's position on this a little confusing. The basis on which you rest for the assertion that the government should have the burden of persuasion by a preponderance is the benefit of the doubt rule, which kicks in only at the elementary picture of what a preponderance is. Somewhere near 50, what are you doing? 50% probability. What are you going to do with a case which is near there? If it is right that the evidence here really isn't near or in equipoise, why would the question who has the burden by a preponderance matter? I'm just not sure there are two different questions. Applying the burden of persuasion only if the evidence is in equipoise is what we're arguing against. The burden of persuasion should apply after... I guess I'm having trouble understanding in some sort of concrete way how those two things could be any different. That is, who wins when the evidence is close seems to me to be... I don't understand why that is in any way different, and maybe you can explain, from deciding who has the burden of persuasion by a preponderance. Let me go back to what I previously stated. In civil litigation, the plaintiff bears the burden of persuasion because he or she loses when the evidence is evenly balanced. In VA adjudication, under the reasonable doubt rule, the government bears the burden of persuasion since it loses when the evidence is evenly balanced. The burden of persuasion is on the government. Right, but unless you're in that space around 50% of being evenly balanced, it just doesn't matter. It does still apply after the veteran met the initial burden of production is what we're arguing. The veteran's status is just one of five elements of a claim. There's the present disability, service connection, disability level, and effective date. And 5107B and the 3.102 regulations say the reasonable doubt rule applies to all issues material to the determination of a claim. The veteran status element is clearly material to the outcome of a claim. There's a line of cases the court has created an exception to the general burden of persuasion rule. In Aguilar, the court said the claimant's veteran's wife had the burden to come forward with evidence of a valid merit to a veteran in order to satisfy a now defunct well-grounded claim requirement. Aguilar is best read as placing the burden of production of veteran status under 5107A, not the burden of persuasion. Yet the Strzok case cited Aguilar for the larger proposition that the claimant also bore the burden of persuasion. A person seeking to establish veteran status must do so by a preponderance of the evidence, and the benefit of the doubt doctrine is not applicable to the determination of the status, but we're arguing that that was misinterpreted and that Strzok misinterpreted Aguilar, rather, and ignored the command of 5107B and the 3.102. Assuming the veteran's court erred by placing the burden of persuasion on the appellant, the Secretary argues that the error was harmless. The Federal Circuit has limited jurisdiction here and cannot resolve the factual issues. Here, the record must indisputably show that the appellant would have lost the veteran status issue, even if the board and the veteran's court had correctly allocated the burden of persuasion. The record here does not indisputably show that. Most conspicuously, the board decision reveals the judge failed to review a substantial and critical part of the record in rejecting appellant's allegations of prejudicial intent, i.e., the charges and findings of the military were the product of prejudicial intent. Specifically, Lieutenant Bond was out to get him, contriving ways to document appellant for any disciplinary infraction. The board's finding of willful and persistent misconduct was based upon appellant's conduct during his entire period of service. The board did not rely upon a specific time frame or a specific charge or series of charges for this finding. Even if one or more of the alleged offenses indisputably occurred, appellant maintains that many others were fabricated and improperly informed the board's finding of willful misconduct. Since the board did not specify which charges were the basis of his adverse finding, the court here cannot make the necessary determinations, which in how many of the offenses were based upon prejudicial intent against appellant and, assuming some were, would this finding affect the veteran's status determination. Thank you. Let's hear from the government. Mr. Kane. May it please the court. I'd like to turn to two issues that Judge Tarano addressed. The first was about our position regarding the benefit of the doubt rule. Generally, the benefit of the doubt rule applies to all elements of establishing a veteran's claim to include the element of veteran's status. In our response brief, we discussed some of the evolution from the preponderance of the evidence that was addressed in D'Amico and the Veterans Court's decision in Lower End and how that has changed over time and now the secretary does advocate for the benefit of the doubt rule when it's appropriate. It's not for application in all cases, however. I'm trying to really understand where the lines here are drawn. So this was not an honorable discharge, is that right? That's correct, Your Honor. But it was not a dishonorable discharge, is that right? No. So now are there more than one or are there several formal intermediate classes? How does one know if it's not a dishonorable discharge that nonetheless this veteran is cut off from all benefits? At what point are these lines to be drawn? Well, that's in the Regulation 38 CFR Section 3.12. The particular issue here is subsection D, which includes four different grounds when, again, we're in this sort of middle category where it's not dishonorable and it's not honorable where there's definitively denied and definitively at least that element is established. The technical term is what, less than honorable? Well, here is the other conditions other than honorable. There could be other things as a bad conduct discharge and things like that or a general discharge. That sounds quite arbitrary, does it not? One can understand with a dishonorable discharge you lose all your veterans' benefits. But here, and I think it's not disputed, that there were serious infractions. At the same time, the military did not take the step of the dishonorable discharge. So that in terms of the consequences, one, between honorable and dishonorable, the only consequence is entitlement to veterans' benefits or plus a certain stigma, I suppose, but not one with legal consequences. Well, I think there are certainly implications with dishonorable discharge here, but bar the receipt of benefits in the category that Mr. Turner is in, he was in this sort of middle ground where the VA did have to make that determination. Essentially, it's a policy choice that Congress and the VA had made to say these certain categories of offenses could lead you to lose your benefits. And I think that's not something that's before this Court. And I think additionally, as you said, there were, I don't think there should be any dispute, that there were these offenses that were committed. And to sort of draw the line about where exactly Mr. Turner loses everything versus he retains some benefits, he was granted treatment benefits for his right finger injury in 2009. However, he was denied the compensation that he was seeking. But this appeal is about burden of proof, right? Correct, Your Honor. And whether the balance of positive and negative comes into play here. Well, yes. That's actually a point I'd like to get to with Judge Toronto mentioned where he stated essentially that the preponderance of the evidence doesn't matter in this particular situation because the evidence was not an equipoise. And I think here we'd like to kind of go back to Mr. Turner's arguments where he seems to latch on to a single reference in the Veterans Court decision about the preponderance of the evidence and then some references in the Board's decision. But I think this appeal creates some unnecessary confusion about just exactly what rule that he seems to be advocating for here. Well, what's the rule you think is correct? Does the government have or does the veteran have the burden of persuasion on the issue of veteran status? The veteran retains that burden, the burden of persuasion. The burden of persuasion. Now, how could that possibly be correct with the benefit of the doubt rule? Well, as long as there's enough evidence in the record, I guess I see your point, Your Honor, where there is some distinction with the burden of persuasion, and I think that's what Ortiz tried to explain where the risk of non-persuasion is on the VA. Doesn't that mean that the VA has the burden of persuasion by a preponderance, which is really easy to meet if the veteran's production of getting some evidence about veteran status doesn't rise anywhere to near 50 percent? But if you're in the 50 percent realm, he wins. I think that generally would be accurate, Your Honor, but I think Mr. Turner has now tried to take it further to say now that somehow the VA has an affirmative burden to disprove his claim, and he does use burden of proof and burden of persuasion interchangeably. Right. I guess I'm trying just for the moment to focus on the legal propositions, and it seems to me it could just be me. I find it very confusing to say that there's a benefit of the doubt rule, which means that if you're in the equipoise area, that the veteran wins, and simultaneously say, nevertheless, the veteran has the burden of persuasion by a preponderance. I genuinely do not understand how those two sentences both could be true. I don't think we're saying that the veteran has the burden of persuasion by a preponderance of the evidence. I think in this particular case here, I think the unnecessary confusion comes with the preponderance and the benefit of the doubt rule were not even implicated because the board made a finding that weighed against the veteran's claim, i.e., the preponderance of the evidence was against his veteran's status. Therefore, you didn't even need to address the preponderance or the burden of the proof. The evidence was not in equipoise in his particular case. Based off the board's review of his entire service history, the chart of the events that led up to his first court-martial, the nontraditional punishment that occurred in between, the counseling and the warning, and then the second referral to the court-martial. So there was evidence weighed against that particular element where the benefit of the doubt rule or the preponderance are not even implicated. And I think one of the other confusing points here is that he argued below on the reconsideration that essentially that there was evidence in equipoise and that I should get the benefit of the doubt rule, but that's not what the board actually found. Again, the board found... You said that he did make a point about it? He did make a point about that, but the board actually found the evidence preponderated against the claim. And that's actually what Ortiz explains, that you only get the benefit of the doubt rule when the evidence is in equipoise. When the evidence is against the claim, you're necessarily precluding a finding that the evidence is in equipoise. And if the board finds the evidence is against the claim, then there's no application of the benefit of the doubt rule. The rule he seems to be advocating for here never had any application in this particular case. There was no court-martial, right? On the first discharge, Your Honor, no. He accepted discharge in lieu of proceeding before the court-martial. There was an earlier court-martial. Yes, there was a first court-martial where he had picked up several charges that he was found guilty on. There was a first court-martial. Yes. But there was no adverse consequence, is that right? He was retained? He was retained for service, Your Honor. He had some hard time, right? He did have some punishment related to his first court-martial, but then there were other instances that occurred. There was a counseling that occurred in January around the time of his discharge board. And in May of 1982, there was also non-judicial punishment related to being absent from his appointed place of duty. And then I believe there was another counseling in December of that year. And then the following year in the spring, there was the second court-martial, which he accepted his discharge in lieu of proceeding. But a discharge under conditions other than dishonorable? Under conditions other than honorable, Your Honor. Other than honorable, but not dishonorable. Not dishonorable. And under 38 U.S.C. in Section 101, a straight dishonorable discharge will bar you from benefits. So again, there's sort of the two extremes, or you're dishonorable or you're honorable, where there's a definite determination on at least that element of veteran status. And then Mr. Turner is in this middle category where the VA makes the determination on whether the particular facts in his service history would amount to or equate to a dishonorable discharge. And to bring the Court back to some understanding of what I think the Veterans Court recognized and the Board recognized here about that there was no application of the benefit-of-the-doubt rule that Mr. Turner seems to be pointing to, I'd like to start with actually the principle that this Court recently recognized, actually right after we filed our response brief, and Janes v. Wilkie. It's 917 Fed 3rd 1368. The quote here is, When determining whether a court committed legal error in selecting the appropriate legal standard, we determined which legal standard the tribunal applied, not which standard it recited. And if you look at the Veterans Court decision, particularly the discussion of Bruce v. McDonald, which is another Veterans Court case, the Veterans Court clearly understands how the benefit-of-the-doubt rule is supposed to operate. The issue in Bruce was about veteran status also. In that case, there was an approximate balance of positive and negative evidence on the character of service determination, similar to Mr. Turner, except it was under a different prong of the same regulation under Section 3.12. That subsection D.1 says, If you accept an undesirable discharge to escape a general court-martial, then that will be considered dishonorable. The Veterans Court below in Turner's case recognized that the benefit-of-the-doubt rule applied in Bruce because there was a balance of evidence, whether it was a general court-martial or a special court-martial. One would bar him from benefits, and one would allow him to essentially get the benefit-of-the-doubt rule and proceed with the rest of his claim. So just to be clear, for a discharge of an honorable, whether or not it is also called a dishonorable discharge, that eliminates access to veterans' benefits in the government's view? Under Section 3.12. Anything other than an honorable discharge, or is there a gray area of flexibility depending on how kind-hearted the decision-maker is? Well, I think some of that flexibility is built into the regulation. In Mr. Turner's case, under Section 3.12 D.4, it says, Wolfland persistent misconduct will be a bar to benefits. But then there's what's called, the second sentence of that is what's sometimes called the single-offense exception, that if the veteran's service is otherwise honest, faithful, and meritorious, we're not going to punish you for having a single infraction that could be relatively minor. But here in the board actually considered that and said his discharge was not because of a single minor offense and that the rest of his service history was not otherwise honest, faithful, and meritorious. When you looked at the entirety of the service history, from the time that he joined and the time he was discharged, there was misconduct. So it made a clear finding that he didn't meet Wolfland persistent misconduct to be a bar to benefits or as a dishonorable discharge. And turning briefly back to the discussion of, the Veterans Court's discussion of Bruce, Mr. Turner tried to again analogize his case to Bruce and actually say that there was some evidence in equipoise, but instead the Veterans Court simply recognized that the board found that the evidence was against the claim. Again, necessarily precluding a finding that the evidence was in equipoise and there was no application of the benefit of the doubt rule. It's possible. What is the statutory provision that 3.12 is implementing? Is it just 101.2, the definition of veteran? I believe there's a different statute, Your Honor, that it's implementing. I don't have that relatively handy right now, but I can provide it to the court if you'd like after the hearing. 5303 says something about this, but it's not clear to me that it says something about a general class of discharges other than honorable. The veteran definition is about discharge other than dishonorable. I believe there is another statute. There are statutory bars to benefits. Sorry, I didn't have that regulation statute directly in front of me. I can provide it to the court, but I believe it is implementing some of the grounds to say when you're in this middle category of not dishonorable but not honorable and the VA now makes that determination. I see. 5303E2, maybe. That's okay. I'll look. In conclusion, Your Honor, I see my time is almost up, but I would believe that the Veterans Court properly found that the board made a correct factual finding regarding Mr. Turner's character of discharge and says that's a factual issue that's outside this court's jurisdiction that the court can dismiss or in the alternative the court can affirm in the decision below. Thank you. Ms. Feliciano, I see you have a couple of minutes of rebuttal if you need them. Did you have any further questions? The 3.12 is a discharge or release because of one of the offenses specified and this paragraph is considered to have been issued under dishonorable conditions, acceptance, willful and persistent misconduct unless service was otherwise honest, faithful, and meritorious. Here the discharge board actually found that his recommendation for discharge was under prejudicial intent and actually recommended that he be transferred to another unit and his commanding officer, Lieutenant Bond, failed to transfer him to another unit and continued to accumulate charges against him and then threatened to resign unless Mr. Turner was discharged under a court-martial. Judge Toronto asked what the statutory basis for 3.12 was. Could it be 5303, which is cited on the same lines as 3.12? I'm not sure, Your Honor. Thank you. Thank you. Thank you both. The case is taken under submission. Thank you. The next argument case is number 182414, Amgen, Incorporated, against Amnio Pharmaceuticals, Mr. Botkin.